IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STARSHA M. SEWELL, | * | |
| Plaintiff, | * | |
| v. | * | Case No. TJS-20-1895 |
| WESTAT, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is the Motion to Dismiss and Motion for Partial Summary Judgment ("Motion") filed by Defendant Westat, Inc. ("Westat").[1] ECF No. 18. Having considered the submissions of the parties (ECF Nos. 18, 21, 22 & 24), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted.

**I.      Background**

    **A.      Sewell's 2016 Complaint**

On January 14, 2016, Plaintiff Starsha M. Sewell ("Sewell"), filed a complaint against Westat alleging employment discrimination based on race and gender. *Sewell v. Westat*, Case No. RWT-16-0158 (D. Md.). Sewell alleged that she was not hired for three separate positions (survey methodologist, research associate-education, and clinical trials research associate) to which she applied at Westat because of unlawful discrimination and retaliation. On August 3, 2016, while her case was pending before the Honorable Roger W. Titus, Sewell applied for another position as

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF Nos. 14 & 17.

a research analyst at Westat. Once again, she was not hired. On October 23, 2016, Sewell filed a charge of discrimination with the Maryland Commission for Civil Rights, alleging that Westat's failure to hire her was discriminatory and in retaliation for her filing of a charge of discrimination in 2015. In a Memorandum Opinion dated November 8, 2016, Judge Titus granted Westat's motion to dismiss and motion for partial summary judgment. *Sewell v. Westat*, No. RWT-16-158, 2016 WL 6600533 (D. Md. Nov. 8, 2016). Judge Titus ruled that Sewell had failed to exhaust administrative remedies on her gender discrimination claims, that Sewell failed to state a claim for discrimination in hiring, and that Sewell failed to state a claim for retaliation. Judge Titus also granted summary judgment to Westat on Sewell's failure to hire claims and rejected Sewell's arguments that Westat had breached a contract with her. *Id.* The Court dismissed Sewell's claims, entered judgment in favor of Westat, and closed the case. ECF No. 16. Sewell filed several post-judgment motions, all of which were denied. ECF Nos. 17, 20, 21, 23, 24 & 25. Sewell appealed and the Fourth Circuit affirmed. ECF No. 29. Sewell sought rehearing en banc and the Fourth Circuit denied the request. ECF No. 31. Finally, Sewell filed another round of post-judgment motions and the Court denied them all. ECF Nos. 31, 34, 35, 37, 38 & 42. Sewell appealed again and the Fourth Circuit affirmed, again. ECF No. 45. Sewell made another request for rehearing en banc, which the Fourth Circuit denied. ECF No. 47.

      **B.**      **The Pre-Filing Clearance Order**

On March 6, 2018, the Clerk of Court filed Chief Judge James K. Bredar's Order in the case of In re: Starsha Sewell, Misc. No. 18-114 (D. Md.), ECF No. 3. This Order enjoins Sewell "from filing any further pleadings in this Court without first obtaining leave of Court to do so." *Id.* at 1. The Order states that Sewell "either cannot or will not relent in her efforts to litigate claims that have repeatedly been found meritless both by this Court and the Fourth Circuit Court of

Appeals." *Id.* at 3. Because of Sewell's history of "vexatious, harassing, and duplicative" litigation, and in light of the burden that this litigation has put on the Court and other parties, the Order directed that the Clerk of Court refuse to accept "for filing any further complaints or other papers submitted by Starsha Sewell unless a United States District Judge certifies that the complaint or pleadings are filed in good faith and not for any improper purpose and that they have a colorable basis in law and fact." *Id.* at 4. The Order contains other provisions regarding the disposal of Sewell's unpermitted filings. *Id.* Sewell has challenged the Order and rulings made pursuant to the Order in the Fourth Circuit. The Fourth Circuit has upheld the Order and affirmed the rulings that Sewell has challenged.

The docket in this case does not indicate whether Chief Judge Bredar's Order was followed. Specifically, the docket does not reference any certification from a United States District Judge that the complaint was filed in good faith and not for any proper purpose, and that it has a colorable basis in law and fact. Because Westat's Motion is fully briefed, and because Westat does not challenge the lack of pre-filing judicial certification as a basis for dismissal, the Court will reach the merits of the Motion.

    **C.**    **Sewell's 2020 Complaint**

On June 22, 2020, Sewell filed the Complaint in this case. In the Complaint, she alleges that Westat discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e *et seq*, and that Westat is liable for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Sewell's Complaint may also allege a claim for breach of contract. The Court is obliged to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The narrative portion of Sewell's Complaint states:

> On or about August 3, 2016, Westat advertised a protected class member of the US Department of labor position of Research Analyst to the General Public, rather than filling the role with the Plaintiff, Starsha Sewell, African American Female, whom was to fill the role pursuant to the companies agreement with Civil Rights Investigator Phillip Wikes, on Or about August 21, 2015. The Companies Vice President David A. Reesman, agreed that Sewell, will fill the position if the opening occurred and she was next on the list. He also stated that these positions are not publically posted. The Administrative Agency closed the Complainants case and one year later, the Company posted the private position to the public, and EEOC was asked to review the agreement of Phillp Wikes (See Exhibit 1, and issued this right to sue in 2020 at Exhibit 2) and this serves as Breach of Contract per David Reeseman's agreement with Mr. Wikes.

ECF No. 1 at 5.

Westat moves to dismiss this case under Fed. R. Civ. P. 12(b)(6). ECF No. 18. Westat contends that the claims raised in Sewell's Complaint must be dismissed because they are barred by the doctrine of res judicata, because the claims do not contain sufficient allegations to state a plausible claim for relief, and, with respect to Sewell's breach of contract claim, because the claim is barred by the statute of limitations.

In response to the Motion, Sewell has filed a document titled "Rule 12 (f) Motion to Strike (Collaterally Attack) the Defendant's Motion to Dismiss and Motion for Partial Summary Judgment On the Basis of Immaterial, because the Judge Was Terminally Ill At the Time of Trying the Case & Failed to Redress Unlawful Employment Discrimination; and as a Scandalous Matter Which Includes FBI Whistleblower Reprisal & Obstruction of Justice From 2010 to the Present & Motion for Relief Of The Late Roger Titus' Judgments Under Rule 60 (b)(1)(2) Due to Excusable Neglect" (ECF No. 21). Sewell requests that the Court "Strike and dismiss the Defendant's Motion and to grant the Plaintiff, Declarative relief, as the Defendant's Motion's and Memorandum depicts a derogatory light on the Judiciary." *Id.* at 6.

II.     Analysis

    A.      **Legal Standard**

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

    "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See* 6 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id*. at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*,

550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or denials of its pleading but instead must cite to "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

### B. Res Judicata

The doctrine of res judicata, or claim preclusion, provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *see SAS Inst., Inc. v. World Programming Ltd.*, 847 F.3d 370, 378 (4th Cir. 2017); *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). Res judicata is a "practical doctrine" that asks "whether the party has previously had a fair shot with respect to the claims raised in the present action." *SAS Inst.*, 847 F.3d at 378 (citation omitted). "By precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, '[r]es judicata . . . encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.'" *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979)); *Panghat v. Baltimore Veterans Affs. Med. Ctr.*, No. ELH-19-994, 2019 WL 7281952, at *12 (D. Md. Dec. 27, 2019) (explaining that res judicata "protects litigants from vexatious litigation, conserves judicial resources, promotes efficiency, and minimizes the risk of inconsistent judgments").

"For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and

(3) an identity of parties or their privies in the two suits." *Pueschel*, 369 F.3d at 354-55. "To determine whether a cause of action is 'identical' for the purpose of res judicata, the Fourth Circuit applies a 'transactional' approach." *Panghat*, 2019 WL 7281952, at *13 (citing *Schwartz v. J.J.F. Mgmt. Serv., Inc.*, 922 F.3d 558, 566 (4th Cir. 2019); *SAS Inst.*, 874 F.3d at 378-79; *Clodfellter*, 720 F.3d at 210; *Norville*, 390 Md. at 108-09; *Kent Cty Bd. of Educ. v. Bilbrough*, 309 Md. 487, 499-500 (1987)). "The transaction test provides that a claim is identical if it arises out of the same transaction or series of transactions as the claim resolved by the prior judgment and the claims could have been brought in the earlier action." *Panghat*, 2019 WL 7281952, at *13 (internal quotation marks omitted). "Put simply, the suits are identical where the claims asserted in both actions are based upon the same set of facts such that, ordinarily, one would expect them to be litigated simultaneously." *Id.*

Westat argues that all of the claims raised in Sewell's Complaint are barred by res judicata. ECF No. 18-1 at 2. The Court agrees. The first and third elements of res judicata are met because Judge Titus's November 8, 2016, Memorandum Opinion and Order constitutes a final judgment on the merits in a prior suit, and because the parties are identical. *Sewell*, 2016 WL 6600533, at *6. The second element is satisfied because the claims that Sewell raises in her Complaint are the same as the claims that she actually raised, or could have raised, in the prior suit. The Court finds that the 2020 complaint is nothing more than Ms. Sewell's latest attempt to repackage and relitigate her dissatisfaction in losing her 2016 case. The Title VII discrimination and retaliation claims that Sewell raises in the Complaint are identical to the Title VII discrimination and retaliation claims that Judge Titus previously considered and rejected. *See id.* In addition, because Sewell's claims under 42 U.S.C. § 1981 arise from the same facts as her Title VII claims, and because she asserted § 1981 claims in the prior lawsuit, those claims are also barred by res judicata.

Sewell's RICO claims are also barred by res judicata. First, Sewell raised these claims in connection with a motion to reopen the prior lawsuit. ECF No. 33 in Case No. RWT-16-158. Judge Titus denied her motion. Second, to the extent that Sewell did not raise RICO claims in the prior lawsuit, the claims are based on the same facts as her Title VII claims, rendering the claims barred by res judicata. Because the claims arise from the same facts that were at issue in the prior lawsuit, Sewell could have raised them in that case.

Sewell's claim for breach of contract is also barred by res judicata. In the prior lawsuit, Judge Titus considered and rejected this claim. *Sewell*, 2016 WL 6600533, at *5. To the extent that the claim Sewell has asserted in this case differs at all from the claim she asserted in the prior lawsuit, both claims arise from the same alleged facts. For that reason, Sewell's breach of contract claim is barred by res judicata because it was previously raised and rejected in the prior lawsuit, or because Sewell could have raised it in the prior lawsuit but failed to do so. For these reasons, Sewell's Complaint will be dismissed because all of her claims are barred by res judicata.

Westat raises a number of alternative arguments in favor of dismissal. For the following reasons, the Court is persuaded by those arguments and will alternatively dismiss Sewell's claims on those grounds.

    **C.**    **Title VII Claims**

Before filing a lawsuit in federal court, Title VII requires a plaintiff to "exhaust [their] administrative remedies by filing a charge with the EEOC." *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 592 (4th Cir. 2012); *see also Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Title VII establishes two possible limitation periods for filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C.A. § 2000e–5(e)(1). "The basic limitations period is 180 days after the alleged unlawful employment practice," but "the limitations

period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Jones*, 551 F.3d at 300 (quoting *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998)). In Maryland, a deferral state, a claim of discrimination under Title VII must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R&R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001).

If the EEOC dismisses the charge, or if the plaintiff requests a right to sue notice, a plaintiff has 90 days from receiving his or her notice of dismissal and right to sue letter to file in action in court. 42 U.S.C. § 2000e-5(f)(1). "Timeliness requirements for an action alleging employment discrimination are to be strictly enforced." *Tangires v. Johns Hopkins Hosp.*, 79 F. Supp. 2d 587, 597 (D. Md.), *aff'd*, 230 F.3d 1354 (4th Cir. 2000) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

A plaintiff's EEOC charge "defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . . lawsuit." *Jones*, 551 F.3d at 300. If an "EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex," the claim will generally be barred for the plaintiff's failure to exhaust administrative remedies. *Id.*

As explained above, Sewell's Title VII claims are subject to dismissal because they are barred by res judicata. Alternatively, the Title VII claims must be dismissed because Sewell did not exhaust her administrative remedies before filing this lawsuit. On October 23, 2016, Sewell filed a Charge of Discrimination ("Charge"), alleging that Westat retaliated against her on August

11, 2016, with the retaliation amounting to a "continuing action." ECF No. 18-2 at 1. Sewell did not allege race or sex discrimination in her Charge; the only form of discrimination she alleged was retaliation. As such, Sewell's claims for race and gender discrimination are barred because they are outside the scope of her Charge. *Jones*, 551 F.3d at 300.

Sewell's retaliation claim must also be dismissed. Sewell received a Dismissal and Notice of Rights from the EEOC on March 19, 2020, by email.[2] ECF No. 1-2. In her Complaint, Sewell certifies that she received the Dismissal and Notice of Rights on March 19, 2020. ECF No. 1 at 5. Under 42 U.S.C. § 2000e-5(f)(1), Sewell's lawsuit was required to be filed within 90 days of her receipt of the Dismissal and Notice of Rights, which was June 17, 2020. Sewell did not file this lawsuit until June 22, 2020, which is outside the 90-day time limit. The Court will strictly enforce the timing requirement and find that Sewell's 2020 complaint was untimely filed as to the retaliation claim. The Court will dismiss the Title VII race and gender discrimination claims because Sewell failed to exhaust administrative remedies. The Court will dismiss the retaliation claim because Sewell did not timely file her Complaint.

Alternatively, Sewell's Title VII claims will be dismissed because her Complaint does not allege facts sufficient to satisfy the elements of a cause of action created by that statute. *See Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (quoting *Twombly*, 550 U.S. at 570); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (holding that a plaintiff's complaint fell "short of the line between possibility and plausibility of

---

[2] This Dismissal and Notice of Rights was transmitted to Sewell in connection with a Substantial Weight Review that Sewell requested on or about December 13, 2018. *See* ECF No. 1-4.

entitlement to relief" because it contained only "naked" and "conclusory" allegations that the plaintiff had not been hired for a position because of unlawful race and sex discrimination).

Alternatively, Westat is entitled to summary judgment on Sewell's Title VII retaliation claim because it has submitted uncontroverted evidence that there was no causal connection between Sewell's protected activity and Westat's decision not to hire her. ECF No. 18-1 at 9-11. Specifically, Westat has submitted the Affidavit of Kerry Levin ("Levin"), Westat's Vice President for Public Health and Epidemiology. ECF No. 18-3. Levin states that she was responsible for selecting an applicant to fill the open Research Analyst position originally posted on August 3, 2016. *Id.* at 1. Levin reviewed the seven applications she received and determined that none of the applicants, including Sewell, were qualified for the position. *Id.* In Sewell's case, Levin states, "she had no relevant experience for the position listed on her resume." *Id.* at 1-2. Levin also states that "[a]t the time of screening applications for the open Research Analyst position in August 2016, I was unaware of Ms. Sewell's charge of discrimination against Westat with the Maryland Commission on Civil Rights . . . and Equal Employment Opportunity Commission." *Id.* at 2. Levin also states that she "was unaware of Ms. Sewell's former class membership in a conciliation agreement between Westat and the Office of Federal Contract Compliance Programs." *Id.* Because Levin was the decisionmaker responsible for the decision not to hire Sewell, and because Levin was unaware of Sewell's prior protected activity, Westat is entitled to summary judgment on Sewell's Title VII retaliation claim. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 655 (4th Cir. 1998) ("A plaintiff cannot establish a prima facie case of retaliation when, as here, the relevant decisionmaker was unaware that the plaintiff had engaged in a protected activity.").

11

### D. Section 1981 Claims

Sewell's Complaint makes a single reference to 42 U.S.C. § 1981. ECF No. 1 at 3. As explained above, Sewell's § 1981 claims are subject to dismissal because they are barred by res judicata. Alternatively, the § 1981 claims are subject to dismissal because Sewell failed to allege facts sufficient to satisfy the elements of a cause of action. *See Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004) (explaining that the elements required to establish a claim under § 1981 are the same as the elements to establish a corresponding claim under Title VII). Alternatively, Westat is entitled to summary judgment on Sewell's § 1981 retaliation claim because it has submitted uncontroverted evidence that there was no causal connection between Sewell's protected activity and the decision not to hire her for the open position.

### E. RICO Claim

Sewell's Complaint refers to the RICO statute but does not allege any facts that might give rise to a claim under that statute. Under 18 U.S.C. § 1962(c), it is unlawful

> for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4); *see also Sizer v. Oshinnaiye*, No. ELH-19-569, 2020 WL 263493, at *8 (D. Md. Jan. 17, 2020).

As explained above, Sewell's RICO claim is subject to dismissal because it is barred by res judicata. Alternatively, the RICO claim will be dismissed because the Complaint does not allege facts sufficient to plausibly support a RICO claim.

12

**F.     Breach of Contract Claim**

Sewell alleges (in passing) that Westat is liable for breach of contract. ECF No. 1 at 5. As explained above, Sewell's breach of contract claim is subject to dismissal because it is barred by res judicata. The claim will also be dismissed because the Complaint does not plausibly allege (1) the existence of a contract between Westat and Sewell or (2) the breach of any contract between Westat and Sewell. Sewell's Complaint refers to a letter from an attorney for Westat to the Maryland Commission on Civil Rights, pursuant to Westat's conciliation agreement with the Office of Federal Contract Compliance Program, regarding the receipt of Sewell's paperwork expressing interest in two open positions. ECF No. 1-1 at 1. The letter states that Sewell "was appropriately placed on the list of those who may be offered a . . . position – if sufficient openings occur and she is the next one on the list." *Id.* The letter does not contain any promise that Sewell would be hired for any open position; it only states that she would be "appropriately placed on the list of those who may be offered" a position. Without a valid offer and acceptance, there can be no contract.

Alternatively, Sewell's breach of contract claim is subject to dismissal because it was filed after the three-year statute of limitations for contract claims in Maryland. *See* Md. Code, Cts. & Jud. Proc. § 5-101. Even assuming that a contract between Westat and Sewell ever existed, the breach occurred in August 2016. *See* ECF No. 1. Sewell did not file her Complaint until June 2020, which is beyond the statute of limitations.

### G. Sewell's Arguments

Sewell raises two arguments in her cross-motion (ECF No. 21). Neither argument has merit.

### 1. Motion to Strike

Sewell argues that the Court should strike Westat's Motion pursuant to Fed. R. Civ. P. 12(f). A motion to strike under Rule 12(f) is an appropriate remedy for the elimination of "redundant, immaterial, impertinent, or scandalous matter" in any pleading. Fed. R. Civ. P. 12(f); 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1380 (3d ed. Oct. 2020 Update). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal citation omitted). Rule 12(f) motions are generally not granted "unless the challenged allegations have no possible or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to a party." *Gilman & Bedigian, LLC v. Sackett*, No. CCB-19-3471, 2020 WL 5338995, at *3 (D. Md. Sept. 4, 2020) (citing Wright & Miller, *Fed. Prac. & Proc.* § 1382; *Schultz v. Braga*, 290 F. Supp. 2d 637, 654–55 (D. Md. 2003) (striking "inflammatory" allegations about prior shooting by FBI agent because their relevance had not yet been determined and they were prejudicial to the agent's reputation)).

Sewell's motion to strike is denied. First, Westat's Motion is not a pleading within the meaning of Rule 7(a), so it is not subject to Rule 12(f). *See CX Reinsurance Co. Ltd. v. Johnson*, 325 F.R.D. 132, 135 (D. Md. 2018) ("A motion for summary judgment is not a pleading and therefore is not susceptible to a motion to strike."); Wright & Miller, *Fed. Prac. & Proc.* § 1382 (3d ed.) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a);

thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)."). Second, nothing in Westat's Motion is redundant, immaterial, impertinent, or scandalous.

### 2. Motion for Relief from Judgment

Sewell requests that the Court grant her relief from the judgment in the 2016 litigation pursuant to Fed. R. Civ. P. 60(b)(1) and (2). Rule 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for," among other reasons, "(1) mistake, inadvertence, surprise, or excusable neglect"; and "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Sewell's motion for relief from judgment is denied. First, the motion is untimely. The judgment from which Sewell seeks relief was entered in 2016 and affirmed by the Fourth Circuit in 2018. Sewell did not file her motion until 2021, which is beyond the one-year time limit for filing such a motion. Second, the motion is frivolous. Sewell suggests that Judge Titus' ruling in the 2016 litigation was made while he was in ill health and that he was coerced by Westat's lawyers, in their "selfish and vain ambition," to enter judgment in Westat's favor. Sewell's allegation is as scandalous as it is baseless. This is the sort of allegation that made Sewell subject to the pre-filing injunction. The Court rejects it outright.

### III. Conclusion

For the reasons stated above, Westat's Motion to Dismiss and Motion for Partial Summary Judgment (ECF No. 18) is **GRANTED** and Sewell's "Rule 12 (f) Motion to Strike (Collaterally

Attack) the Defendant's Motion to Dismiss and Motion for Partial Summary Judgment On the Basis of Immaterial, because the Judge Was Terminally Ill At the Time of Trying the Case & Failed to Redress Unlawful Employment Discrimination; and as a Scandalous Matter Which Includes FBI Whistleblower Reprisal & Obstruction of Justice From 2010 to the Present & Motion for Relief Of The Late Roger Titus' Judgments Under Rule 60 (b)(1)(2) Due to Excusable Neglect" (ECF No. 21) is **DENIED**. Sewell's claims will be **DISMISSED WITH PREJUDICE**.

<u>November 10, 2021</u>          <u>          /s/                              </u>
Date                                        Timothy J. Sullivan
                                             United States Magistrate Judge